IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERMAN ALEXANDER LYNCH,<br><br>                Petitioner,<br><br>v.<br><br>SHANE NELSON,<br><br>                Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Case No. 2:17-CV-00477-DS<br><br>District Judge David Sam |

Several post-judgment motions by Petitioner are before the Court.

## BACKGROUND

On November 21, 2018, this Court granted Respondent's motion to dismiss this habeas-corpus petition. (Doc. No. 59.) Petitioner's original habeas petition brought the following claims under 28 U.S.C.S. § 2254 (2019): prosecutorial misconduct and ineffective assistance of counsel. Reasoning that all Petitioner's challenges were procedurally defaulted and did not qualify for exceptional treatment, the Court rejected Petitioner's claims of actual innocence based on newly discovered evidence.

## RULE 60(b) MOTION

Petitioner asserts fraud in moving for relief from the final order and judgment. Fed. R. Civ. P. 60(b)93).  In support of his motion, Petitioner cites sixteen allegedly false statements of fact or law made by Respondent in its Motion to Dismiss.

In relevant part, Rule 60(b) reads: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (3) fraud . . .,

misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b). This rule interplays with the federal habeas statute about second or successive habeas petitions. The applicable statutory language states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- . . .
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.S. § 2244(b)(1)(B) (2019).

Based on Tenth Circuit law, this Court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying not all 60(b) motions in federal habeas cases are second or successive petitions). This Court has jurisdiction to rule on true Rule 60(b) arguments. However, "second or successive" issues must be "certified by a panel of the [10th Circuit] pursuant to § 2244 before [they] may proceed in district court." *Id*. at 1215 (citing 28 U.S.C.S. § 2244 (2019)).

*Gonzalez* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzalez*, 545 U.S. at 538). *Gonzalez* also states that while a 60(b) motion alleging fraud *may* constitute a true 60(b) motion, such a determination requires a more nuanced analysis. *Id*. at 1216. Such motions are only true 60(b) motions if the alleged misconduct relates *solely* to fraud perpetrated on the federal habeas court; if the fraud

alleged includes (or implies) related fraud on the state court then it is not a true 60(b) motion, but rather a second or successive petition upon which this court cannot rule. *Id.*

### SECOND OR SUCCESSIVE ANALYSIS

The Tenth Circuit also made clear in *Spitznas* that "spurious attempts to re-cast substantive arguments in the guise of 'fraud on the court' . . . will properly be treated as an attempt to allege or re-allege substantive grounds for habeas relief, thus presenting a second or successive petition." *Id*. n.4. This well encompasses what Petitioner tries to do in his petition. Petitioner's allegations are far afield from Rule 60(b)'s standard; it is clear that his motion merely restates his same substantive arguments under the guise of his fraud allegations. Thus, as laid out in *Spitznas*, Petitioner's motion is a second or successive petition over which this court does not have jurisdiction. *See* 28 U.S.C.S. § 2244(a) (2019).

Petitioner may not file such a petition without authorization from the appropriate federal court of appeals. *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization."). Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file his second or successive petition--i.e., this motion labeled as a "Motion of 60(b)." This Court therefore does not have jurisdiction to address its merits.

When a successive § 2254 petition is filed in a district court without the necessary appellate court sanction, it may be transferred under 28 U.S.C.S. §1631 (2019), to the proper court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred to the Tenth Circuit. This Court will only transfer if it determines that it is in the interest of justice to do so.

Here, it would not be in the interest of justice to transfer this petition to the Tenth Circuit. To reach this conclusion, this Court considered whether Petitioner's claims are likely to have merit. In assessing this likelihood, this Court finds Petitioner's claims of fraud by Respondent lack factual and evidentiary support, and thus are without merit. What Petitioner's motion shows is not fraud, but a misunderstanding of (1) what fraud is, (2) the evidence necessary to prove it, and (3) the Court's role as independent decision maker.

Petitioner primarily seeks to prove fraud by quoting statements of law made in Respondent's Motion to Dismiss, (Doc. No. 32), comparing them to other of Respondent's statements that are arguably contradictory, then claiming that Respondent's failure to include these additional statements amounts to fraud. Respondent's statements are clearly not fraudulent.[1] All parties before a court have a duty to not purposefully misrepresent the rulings they cite; they do not have an affirmative duty to cite every piece of tangentially related precedent found in any case that touches on the same matter. Respondent did *not* misrepresent

---

[1] Petitioner also seeks to prove fraud by quoting Respondent's statements of fact. These factual claims mostly entail Respondent's arguments that Petitioner presented no new evidence on any factual challenges he made. Petitioner contests this and contends he has presented such evidence and that Respondent's failure to acknowledge this new evidence amounts to fraud. Petitioner's arguments show a profound misunderstanding of the adversarial process. This Court finds these claims of fraud equally meritless.

any of the holdings it cited. Its failure to include every bit of additional language cited by Petitioner does not begin to approach what would be necessary to prove fraud by Respondent.

However, even assuming, arguendo, that a party before this Court *had* misrepresented the law in its briefings, this Court is more than capable of making that determination for itself. In fact, that is specifically the role of the court in the adversarial process used by our nation's legal system: each party presents legitimate legal precedent and zealously strives to show why its interpretation of that precedent is correct; the Court then independently examines those positions, as well as the actual state of the law, and makes a final ruling as to what should be done. Nothing outside of this usual process has occurred. There is no fraud here.

Additionally, this Court also noted that the Court of Appeals will not authorize the filing of a second or successive habeas petition in the district court unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must show "that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2) (2019). Petitioner has not addressed any of these requirements.

The interests of justice would not be served by transferring the petition to the Tenth Circuit. Petitioner has not stated any appropriate legal basis for being allowed to proceed with this successive petition.

# MOTION FOR RECUSAL ANALYSIS

Petitioner's Motion for Recusal is based on a criminal petition which he filed against Judge Sam alleging violations of 18 U.S.C.S. § 242 (2019)--i.e., deprivation of rights. Federal judges may have an obligation to recuse themselves when their impartiality could reasonably be questioned, but they also have an obligation *not* to recuse themselves when circumstances do not require it. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312-13 (2d Cir. 1988); *see also Hutchinson v. Hahn*, No. 09-5144, 2010 U.S. App. LEXIS 24194, at *12 (10th Cir. 2010) (unpublished). The test used to determine whether recusal is required is an objective one. 28 U.S.C.S. § 455(a) (2013); *see also Drexel*, 861 F.2d at 1313. "Adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, 'unless they display a deep-seated favoritism or antagonism that would make fair judgment almost impossible.'" *Hutchinson,* 2010 U.S. App. LEXIS 24194, at *12 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Based on the facts and law presented, this motion is entirely without merit. Petitioner has offered no facts reasonably calling into question this judge's ability to impartially hear this case. An examination of the criminal complaint shows that Petitioner offers no facts that would reasonably call into question Judge Sam's impartiality. Throughout both motions in question, Petitioner continues to posit the same claims that this Court continues to reject. Petitioner's claims of prosecutorial misconduct and new evidence remain comfortably distant from meeting the standard that would be required for this Court to consider them. Allowing any party before this Court to file a criminal complaint against the presiding judge and have their case moved regardless of the merits of that claim would be a policy ripe for abuse. It is not the policy of this

Court. Because Petitioner's criminal complaint is without merit, his Motion for Recusal is denied.

## ORDER

**IT IS ORDERED** that Petitioner's post-judgment motions are **DENIED**. (Doc. Nos. 68, 69, 74, 76, & 85.) **NO FURTHER FILINGS BY PETITIONER WILL BE ACCEPTED IN THIS CASE**. The Clerk of Court is directed to return to sender any further filings attempted by Petitioner or his agents.

This action is **CLOSED**.

DATED this 3rd day of April, 2019.

BY THE COURT:

*David Sam*

DAVID SAM
Senior Judge
United States District Court